Benjamin Wright
Wright Law Offices
1418 North Scottsdale Road, Ste 222
Scottsdale, Arizona 85257
480-505-9276
480-717-3380 (fax)
bwright@wloaz.com
Attorney for the Debtor(s)

## UNITED STATES BANKRUPTCY COURT

## DISTRICT OF ARIZONA

| In Re: | In Proceedings Under Chapter 13 |
|---|---|
| | Case No. 2:12-bk-26808-DPC |
| SHAWN GREGORY SEERY, | |
| | STIPULATED ORDER CONFIRMING |
| Debtor(s). | CHAPTER 13 PLAN |

The Amended Chapter 13 Plan having been properly noticed out to creditors and any objection to confirmation having been resolved,

**IT IS ORDERED** confirming the Amended Plan of the Debtors as follows:

(A)    **INCOME SUBMITTED TO THE PLAN.** Debtors shall submit the following amounts of future income to the Trustee for distribution under the Plan.

(1) Future Earnings or Income. Debtors shall make the following monthly Plan payments:

| Months | Amount |
|---|---|
| 1-4 | $525.00 |
| 5-60 | $635.00 |

The payments are due on or before the 18th day of each month commencing January 18, 2013. Debtors are advised that when payments are remitted late, additional interest may accrue on secured debts, which may result in a funding shortfall at the end of the Plan term. Any funding shortfall must be cured before the plan is deemed completed.

The Debtors shall provide, directly to the Trustee copies of their **federal** and **state** income tax returns for post-petition years within 30 days of filing them.

The purpose is to assist the Trustee in determining any change in debtor's annual disposable income.

(2) Other Property:

    a. ***The Debtors shall provide, directly to the Trustee their net federal and state income tax refunds for tax years 2012, 2013, 2014, 2015 and 2016 as supplements to the plan. In the event that other property is submitted, it shall be treated as supplemental payments.*** In no event will the term of the Plan be reduced to less than 60 months, exclusive of any property recovered by the Trustee, unless all allowed claims are paid in full.

    b. Debtor entered into a settlement agreement, which was approved by the Court, in adversary proceeding number 2:12-ap-01086-EPB. The terms of the settlement agreement provided payments of $2,222.22 per month to be paid to Debtor beginning January 15, 2013. To date, Debtor has received none of the payments. Debtor shall turn over any payments he receives as a result of the settlement to the Trustee as supplemental payments to unsecured creditors.

(B)  **DURATION.** This Plan shall continue for **60 months** from the first regular monthly payment described in Paragraph (A)(1) above. If at any time before the end of the Plan period all claims are paid, then the Plan shall terminate.

(C)  **CLASSIFICATION AND TREATMENT OF CLAIMS.** Claims shall be classified and paid as listed below. The Plan and this Order shall not constitute an informal proof of claim for any creditor. The Trustee shall receive the percentage fee on the Plan payments pursuant to 28 U.S.C. § 586(e), then the Trustee will pay creditors in the following order:

(1) Administrative expenses:

Attorney Fees. Benjamin J. Wright, shall be allowed total compensation of $4,500.00. Counsel received $1,400.00 prior to filing this case and will be paid $3,100.00 by the Chapter 13 Trustee. Attorney will perform all items in section F(1) of the Chapter 13 Plan, with the exception of representation in an adversary proceeding, and such services are to be included in the above fees for all pre-confirmation services.

(2) Claims Secured by Real Property:
    (a) NONE

(3) Claims Secured by Personal Property:

    (a) Wells Fargo Bank, N.A., secured by a purchase money security

        interest in a 2008 Ford F250 pickup, shall be paid its claim, in full, in

the amount of $21188.38 with 5.25% interest. The creditor will receive adequate protection payments of $220.00 per month.

(3) Unsecured Priority Claims:

(a) NONE

(5) Surrendered Property. Upon confirmation of this plan or except as otherwise ordered by the Court, bankruptcy stays are lifted as to collateral to be surrendered. Such creditor shall receive no distribution until the creditor timely files a claim or an amended proof of claim that reflects any deficiency balance remaining on the claim. Assuming the creditor has an allowed proof of claim, should the creditor fail to file an amended claim consistent with this provision, the Trustee need not make any distributions to that creditor. Debtors surrender the following property:

(a) NONE.

(6) Other Provisions: None.

(7) Unsecured Nonpriority Claims. All other claims shall be classified as unsecured and nonpriority. Such claims shall be paid pro rata the balance of the payments under the Plan and any unsecured debt balance remaining unpaid at the end of the Plan may be discharged as provided in 11 U.S.C. § 1328.

(D) **EFFECTIVE DATE AND VESTING.** The effective date of the Plan shall be the date of this Order. Property of the estate vests in Debtors upon confirmation.

---

## ORDER SIGNED ABOVE

Approved as to Form and Content By:

_____
Edward J. Maney, Trustee                               Date _____

_____                       4/11/13
Benjamin J. Wright                                     Date
Attorney for Debtors

The Debtor certifies: All required State and Federal income tax returns have been filed. No domestic support obligation is owed or, if owed, such payments are current since the filing of the Petition.

_____                       4-11-2013
Shawn Gregory Seery, Debtor                            Date